UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. #1:14-CV-

Lisa A. Jacobs
   Plaintiff

   Vs.

Joan Feeney, M. Page Kelley, Leo Sorokin,
Robert Farrill, US District Court John
Joseph Moakley Court House, US
Bankruptcy Court, John Gibbons, US
Marshalls, John Doe, etc. et. al.
   Defendants

**COMPLAINT AND**

**JURY DEMAND**

This is a suit brought pursuant to including but not limited to 14th amendment constitutional

rights violations of the plaintiffetc. PARTIES:

1.     Lisa Jacobs is a resident at 20 Colchester Rd. Weston MA 02493.

2.     Defendant Joan Feeney is a Justice at the United States Bankruptcy Court

       John W. McCormack Post Office and Court House 5 Post Office Square,

       Suite 1150 Boston, MA 02109-3945 and her residence is in Norfolk

       County.

3.     Defendant Page M. Kelley is a US Magistrate Justice at the John Joseph Moakley

       Court House 1 Court House Way Boston MA and her residence is in MA.

4.     Defendant Leo Sorokin is a Justice at the United States District Court District of

       Massachusetts at the John Joseph Moakley Court House 1 Court House Way

       Boston MA and his residence is in Norfolk County.

5.      Defendant Robert M. Farrell is the Clerk of the United States District Court District of Massachusetts 1 Court House Way Boston MA and his residence is in MA.

6.      Defendant John Gibbons is the US Marshall for the District of MA at the John Joseph Moakley Courthouse 1 Courthouse Way, Suite 1-500 Boston MA 02210 and his residence is in MA.

7.      Defendant Allison Hotchkiss is an assistant US Marshall for the District of MA at the John Joseph Moakley Courthouse 1 Courthouse Way, Boston MA 02210 and her residence is in MA.

8.      Defendant is the US District Court 1 John Joseph Moakley Courthouse 1 Courthouse Way, Suite 1-500 Boston MA 02210.

9.      Defendant is the US United States Bankruptcy Court John W. McCormack Post Office and Court House 5 Post Office Square, Suite 1150 Boston, MA 02109-3945.

JURISDICTION & VENUE:

10.     This court has original jurisdiction pursuant to 28 U.S.C. ss 1331 and 1343 over plaintiff's causes of action under the Constitution of the United States, pursuant to Article III s 2 which extends the jurisdiction to cases arising under the U.S. Constitution, and redressable pursuant to <u>Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971).</u>

11.      This court has personal jurisdiction over the defendants who are located in the Eastern District of Massachusetts.

12.      Venue in this court is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. s 1391 (a) in that Feeney, Kelley, Sorokin, Farrill, the courts, Gibbons and the US Marshalls Office are located within the Eastern District of Boston and the events which give rise to this action occurred within the Eastern District of Boston. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS:

13.      Plaintiff is a licensed Ivy League educated medical doctor with a masters degree in public health, a real estate broker, owner of a MA licensed real estate firm, has MBA classes, and is a former prize winner in the Miss. America Pageant.

14.      Plaintiff is the intended wife of a so-called undercover FBI agent and has been having a background check done by the US Marshalls whereby in order to marry her background has to be approved to be suitable.

15.      Plaintiff is a 48 year old handicapped with 2 cancers, degenerative disc disease and sensitivity/allergy to dogs Jewish female who was born in 1966 who was discriminated against as a member of those protected classes as well as based on the perception of her being mentally ill and on an affiliation with a physically disabled person who is her mother Marilyn Jacobs who has a broken ankle, leg and rib whereby both are disabled within the meaning of the Americans with Disability Act 42 U.S.C. 212101 et seq..

16.      Plaintiff brings this action against Joan Feeney US Bankruptcy District Court Justice, Leo Sorokin US District Court Justice, and M. Page Kelley pursuant to title 28 U.S. Code s 1331 in claims arising from violations of federal constitutional rights guaranteed in the First, Fifth, Eighth, Ninth and Fourteenth

Amendments to the US Constitution and redressable pursuant to <u>Bivens v. Six</u>

<u>Unknown Narcotics Agents 403 U.S. 388 (1971).</u>

17.   On Dec. 10, 2010, Robert Lupo who is an employer filed a chapter 11

bankruptcy petition relief in the United States Bankruptcy Court John W.

McCormack Post Office and Court House 5 Post Office Square, Suite

1150 Boston, MA 02109-3945.

18.   On Dec. 16, 2010 plaintiff filed a complaint as an unsecured creditor with

a priority claim as an employee and also a post bankruptcy administrative

claim in the bankruptcy case of Robert Lupo.

19.   Jacobs withdrew reference of the Robert Lupo bankruptcy case to the US

District Court Eastern Division and had a hearing before Justice Tauro

who was not sympathetic to her knowing that she would be under paid by

Joan Feeney.

20.   On May 23, 2012, Joan Feeney wrote a memorandum of law that Jacobs

had worked for Robert Lupo, that Lupo failed to be pay Jacobs wages

and commissions and that Lupo owed wages and commissions to

Jacobs.

21.   On May 23, 2012 Feeney failed to order that plaintiff's property be

returned to her that consisted of lock boxes and deprived Jacobs of her

fifth amendment right to due process by depriving her of her property.

22.   On May 23, 2012, Joan Feeney's memorandum of law constituted Lupo

doing the crime of non-payment of wages to Jacobs and she failed to

initiate the criminal charge against Lupo for Jacobs to be paid through
the MA state court system.

23.     On May 23, 2012 Joan Feeney under paid Jacobs a female compared to
males who Robert Lupo paid, and intimidated, bullied and harassed
Jacobs not to appeal this decision where she under paid Jacobs or any
other decisions to the Appeals Court or the Bankruptcy Panel on Appeal.

24.     On May 23, 2012 and onwards, Joan Feeney ordered for the U.S. deputy
marshalls to follow the plaintiff around the court house, to watch what she
does, to report back to Joan Feeney what she does, to harass, intimidate
and bully the plaintiff not to file any appeals at the Appeals Court, and to
give notice that they would physically restrain and prevent the plaintiff
from filing any appeals.

25.     On May 23, 2012 a US deputy marshall complained that Feeney's orders
were unlawful, that she was out of control, irrational and that he was
obligated to follow Feeney's unlawful orders despite however badly they
violated the plaintiff's civil and constitutional rights.

26.     Joan Feeney acted unconstitutionally and outside of her jurisdiction in
ordering the US Marshalls to follow Jacobs, make unwanted contact with
her, and threaten to restrain Jacobs from filing appeals and in so doing
Feeney violated Title 42 U.S. Code s 1983 in that Jacobs under color of
any statute, ordinance, regulation, custom, or usage of any state or
territory subjected Jacobs a citizen of the US to deprive her of the right of
filing appeals secured by the constitution and laws and as such Feeney

5

is liabled to me as the injured party in this action at law, this suit in equity and proper proceeding for redress.

27. The judge engaged in egregious discrimination in allowing for males to be paid at fair market rates including the trustee who was her law school class mate friend who made over $1,400,000 and discriminated against Jacobs a disabled female supervisor by paying her less than what males were paid like Tony Chisari who was her subordinate who Jacobs supervised.

28. On or about May 23, 2013, the US marshall deputies followed Jacobs around and harassed her not to file any appeals and threatened her that there would be ramifications if she did so.

29. On or about November 15, 2012 the Waltham Police applied for 2 criminal applications against Robert Lupo for non-payment of wages and grand larceny against victim Lisa Jacobs MD MPH and Real Estate Broker.

30. On Dec. 17, 2013 the US Marshalls and John Gibbons had a section 12 e motion done on Jacobs in Waltham District Court whereby they claim that Jacobs is delusional, psychotic and dangerous.

31. On Dec. 17, 2013 the court forensic psychologist was not able to diagnose Jacobs as being delusional or psychotic and determined that Jacobs is not dangerous and unable to be committed to a psychiatric hospital.

6

32.     On or about Dec. 21, 2013 Allison Hotchkiss US deputy marshall confirmed that Lisa Jacobs and a so-called undercover FBI contractor had their name as a personal couple assigned to a US deputy marshall whereby Jacobs was having a background check done in order to see if she is suitable wife for the so-called undercover FBI contractor.

33.     On or about Dec. 21, 2013 Hotchkiss sexually harassed Jacobs that the so-called undercover FBI contractor had the highest national security interest, was very important for this nation's national security, that the US Marshalls ordered her to take very good care of this so-called undercover FBI agent sexually, and that the US wanted this so-called undercover FBI agent to be on in terms of his performance for the nation so that it was very important that Jacobs perform sexually well.

34.     On Dec. 21, 2013 Jacobs complained to Hotchkiss that Hotchkiss had caused her to suffer from sexual performance anxiety with this undercover FBI agent, that her cousin has been happily married with an air force leader for the nation for about the past 20 years, not to worry about his and her sexuality, to be reassured that they have great sexual chemistry, and not to be pressuring her to perform sexually with this undercover FBI agent so as to create psychological hardship.

35.     On or about Feb. 20, 2013 a US deputy marshall in a stair well where there is not any video located made unwanted contact with her breast.

36.     On or about Feb. 20, 2013 a US deputy marshall shoved his chest into her breast, moved her physically, and threatened Jacobs to back off and

not file any appeals as Joan Feeney had ordered him to do so with regard to her.

37.     On or about May 23, 2013, on Feb. 20, 2013, and on many dates thereinafter, Jacobs filed many complaints and John Gibbons failed to take her public accommodation discrimination complaints, failed to investigate and failed to follow up with her despite her civil and constitutional rights being violated.

38.     Feeney, Kelley, Sorokin, Farrill, Gibbons and US Marshalls intentionally and deliberately inflected emotional distress on Jacobs by giving her a hard time inside the court house, belittling her, putting her down, requiring her to have escorts, harassing her to leave the court house, and not taking her lawsuits seriously.

39.     As a result of Feeney, Kelley, Sorokin, Farrill, and Gibbons extreme and outrageous conduct Jacobs was, is and with a high degree of likelihood will continue to be emotionally distressed due to her violation of her civil and constitutional 14th amendment rights inside of the court house.

40.     As a result of Feeney, Kelley, Sorokin, Farrill, and Gibbons extreme and outrageous conduct, Jacobs has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment and humiliation.

41.     On May 13, 2014 the plaintiff tried to file the original complaint of Lisa Jacobs vs. David Soars, etc. et. al. with Middlessex Superior Court

docket number 14-4663 and a pleading number #2 in that case and the 2 pleadings were sent back to her with an order which is pleading #3.

42.     On May 13, 2014 the plaintiff tried to file the original complaint of Lisa Jacobs vs. Deborah Davenport etc. el. al in the Middlessex Superior Court case docket number 14-4664 and a pleading number #2 in that case and the 2 pleadings were sent back to her with an order which is pleading #3.

43.     On May 19, 2014 Regional Administrative Justice Bruce Henry mailed to Lisa Jacobs the original complaint of Lisa Jacobs vs. David Soars, etc. et. al. with Middlessex Superior Court docket number 14-4663 and a pleading number #2 in that case and the original complaint of Lisa Jacobs vs. Deborah Davenport etc. el. al with Middlessex Superior Court docket number 14-4664 and a pleading number #2 in that case back to Lisa Jacobs without allowing them to be filed.

44.     The state court did not retain copies of pleading #1 or #2 for the cases with docket numbers 14-4663 and 14-4664.

45.      On May 19, 2014 Regional Administrative Justice Bruce Henry issued a joint order which was marked as pleading #3 for docket numbered cases #14-4663 and 14-4664 in which he gave her counseling and this order was docketed as pleading #3.

46.     On May 21, 2014 the plaintiff tried to file Lisa Jacobs vs. David Soars, etc. et. al. with Middlessex Superior Court docket number 14-4663 and

Lisa Jacobs vs. Deborah Davenport etc. el. al with Middlessex Superior
Court docket number 14-4664.

47.    On May 21, 2014 Regional Administrative Justice Bruce Henry verified
that the complaints with docket numbers 14-4663 and 14-4664 met the
rules, established the elements and were legitimate not frivolous law
suits and he ordered for them to be allowed to be filed by writing in the
left margin on the first page of the complaints that they were allowed to
be filed.

48.    On May 21, 2014 the Middlessex Superior Court docketed the allowed
complaints and marked them to be pleading #4 in the Middlessex
Superior Court cases with docket numbers 14-4663 and 14-4664.

49.    On May 21, 2014 the Commonwealth of MA waived the filing fees for the 14-
4663 and 14-2664 cases.

50.    On May 21 – 31, 2014 the Middlessex County sheriff served all the defendants
other than Kopelman and Paige who dodged service.

51.    On June 16, 2014 Regina Ryan Esq. filed a notice of removal for 14 CA 12536.

52.    On June 16, 2013 a fraudulent, untrue, altered state court record of Lisa
Jacobs vs. David Soars, etc. et. al. from the Middlessex Superior Court
docket number 14-4663 was filed in the John Joseph Moakley Court house.

53.    On June 16, 2014 Regina Ryan Esq. filed a notice of removal for 14 CA 12537.

54.    On June 16, 2014 a fraudulent, untrue, altered state court record of Lisa
Jacobs vs. Deborah Davenport etc. el. al with Middlessex Superior Court

docket number 14-4664 was filed in the John Joseph Moakley Court house for 14 CA 12537.

55.     On June 16, 2014 Farrill, Sorokin, Kelley, Gibbons, and the US Marshalls allowed for the untruthful altered documents to be filed for 14 CA 11537 as the state court record of Lisa Jacobs vs. Deborah Davenport etc. et. al. with Middlessex Superior Court docket number 14-4664.

56.     On June 16, 2014 the complaints of Lisa Jacobs vs. David Soars, etc. et. al. from the Middlessex Superior Court docket number of 14-4663 and Lisa Jacobs vs. Deborah Davenport, etc. et. al. from the Middlessex Superior Court docket number 14-4664 had been altered intentionally to delete the Regional Administrative Justice Bruce Henry's hand written order stating that "This complaint may be docketed." BP Henry 5/22/2014 on both first page left margins of the complaints, and instead the first page left margins of the complaints filed in this court had black spots where the writing was intentionally whited out so as for these complaints to be filed fraudulently in this very court so as to conceal

57.     The complaints were filed fraudulently intentionally so as to conceal and interfere with this official proceeding and constituted violations of 18 U.S. Code s 1512 Tampering with a witness, victim, or an informant.

58.     Kelley, Sorokin, Ferrill, Gibbons and the US Marshalls are suspects as to the violations of 18 U.S. Code s 1512 Tampering with a witness, victim, or an informant with regard to 14 CA 12536 and 14 CA 12537.

59.     Pleading #3 which was the order of Regional Administrative Justice Bruce Henry

        dated May 19, 2014 was not filed at all in this court.

60.     On June 16, 2014 there were violations of 18 U.S. Code s 1512 (c) (1) in that

        someone corruptly altered and concealed documents of the state court record

        for use in the official proceedings in this court which subjects them to be fined

        under this title  or imprisoned for not more than 20 years or both.

61.     On or about October 15, 2014 Dennis Eisenhorn US Deputy Marshall

        complained that Jacobs is not dangerous or a trouble maker, that she is ok and

        ordered her to ask for permission to be taken off the trouble maker and

        dangerous list of the John Joseph Moakley Court house.

62.     Since Oct. 15, 2014 through present, various US deputy marshalls have

        harassed Jacobs repeatedly to get off the list, Jacobs asked and Feeney, Kelley,

        Sorokin, Farrell, Gibbons and the US Marhsalls have refused to order for her to

        be removed from the trouble maker dangerous list.

63.     The Due Process Clause of the Fourteenth Amendment to the United State

        Constitution prohibits Feeney, Kelley, Sorokin, Farrill, the US District Court of

        Massachusetts, the Bankruptcy Court, Gibbons, and the US Marshalls from

        depriving any person of life, liberty or process without due process of law.

64.     Plaintiff has a liberty and or property interest in receiving her constitutional due

        process clause rights.

65.     Feeney, Kelley, Sorokin, Farrill, the US District Court of Massachusetts, Gibbons

        and the US Marshalls deprived Jacbos of such interests without due process of

law because it is impossible for them to comply given that they do not understand discrimination law, do not care about discrimination laws, are not sympathetic, are hostile discriminatory based on gender female, creed Jewish, race Caucasian and disability of 2 cancers and being discriminated on the basis of perception of being delusional, psychotic, and dangerous.

66. Kelley, Sorokin, Farrill, the US District Court of Massachusetts, Gibbons and the US Marshalls accepted the notice of removal dated June 16, 2014 of Regina Ryan Esq. for 14 CA 12536 and 14 CA 12537.

67. Kelley, Sorokin, Farrill, the US District Court of Massachusetts, Gibbons and the US Marshalls allowed not true certified copies but altered fraudulent state court records of both 14 CA 12536 and 14 CA 12537 to be filed in the US District Court of Massachusetts.

68. The filings that they allowed for 14 CA 12536 and 14 CA 12537 were missing pleadings #1,2, 3 and had intentionally altered fraudulent copies of the complaints.

69. At no point in time did Kelley, Sorokin, Farrill, the US District Court of MA, Gibbons and the US Marshalls verify that the state court records for 14 CA 12536 and 14 CA 12537 were truthful and they had a duty to do so.

70. The actual state court records for 14 CA 12536 and 14 CA 12537 are not true certified copies, are fraudulent, altered, and incomplete.

71. On Dec. 2, 2014 Kelley dismissed 14 CA 12536 on the basis of a fraudulent, altered, and incomplete not true certified copy of 14 CA 12536.

72.     On Dec. 2, 2014 Kelley was biased, and prejudiced against me whereby she misused joinder so as to do a violation of 18 U.S. Code s 1512 by attempting to obstruct, to influence, and impede this official proceeding in order to prejudicially influence outcome.

73.     As a result of the fraudulent, altered, incomplete and not true certified copies of the state court records of 14 CA 12536 and 14 CA 12537 the Board of Bar Overseers declared the plaintiff is entitled to vacating of the dismissal of 14 CA 12536, and plaintiff is also entitled to declaratory and injunctive relief.

74.     The fundamental right to contract and to full and equal benefit of all laws is codified under 42 U.S.C. s 1981 as amended by section 101 of the Civil Rights Act of 1991.

75.     Pursuant to 42 U.S.C. s 1981, "all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes licenses and exactions of every kind, and to no other."

76.     Plaintiff is unable to sue be a party, give evidence and not able to have the full and equal benefit of all laws and proceedings as she is not welcome in this court, is required to have an escort, is asked to leave early prior to closing, is denied being given copies, is on the trouble maker and dangerous list, and is sexually harassed inside the federal courts.

14

77.     Plaintiff asserts that defendants violated her constitutional rights to due process and equal protection afforded under the Fifth Amendment by arbitrarily having a not true copy of the record filed in state court and by arbitrarily substituting a typed police report for a hand written police that her complaint referenced as the actual police report referenced in her complaint.

78.     On Dec. 4, 2014 a deputy US Marshall gave the plaintiff a hug in the John Joseph Moakley court house.

79.     On Dec. 10, 2014 Jacobs was delayed entry because a black US deputy marshall could not operate the scanner properly so that he apologized for delaying her.

80.     On Dec. 16, 2014 the black US deputy marshall delayed Jacobs again.

81.     On Dec. 16, 2014 Jacobs complained to the black US deputy marshall that she was being discriminated as a white Jewish disabled female in that she had a history of being mistreated by 3 black females in the Middlessex Superior Court house, including being kidnapped, harassed and physically abused whereby she was the victim not the aggressor so that it was not necessary for her to have an escort and that the reason she believed that an escort was required was because she had been beaten up in a court house already, that she is not physically abusive and that if she is beaten up then she will sue and not hit back which is why she has a successful lawsuit against the Commonwealth of MA and the Clerk is willing to pay her money in settlement personally as nobody should be treated the way she was mistreated.

82.     On Dec. 16, 2014 the black male US deputy marshall refused to take Jacobs

        discrimination complaint was screamed at Jacobs repeatedly: "You are making

        racial statements.  Why are you making these statements to me?"

83.     On Dec. 16, 2014 Jacobs asserted that she had filed a complaint for including

        but not limited to race discrimination, that he as a black US deputy marshall

        was taking her complaint overly personal given him being black, that even the

        black male supervisor of the black women at the Middlessex Superior Court

        house backed her and said that the black women were wrong and out of line.

84.     On Dec. 16, 2013 Jacobs reprimanded the black US deputy marshall that he has

        to be open minded to taking discrimination and retaliation complaints against

        members of his own race and not be emotionally abusive to her.

85.     On Dec. 16, 2013 Jacobs told the black US marshall to take a complaint against

        himself for discrimination and retaliation based on her being white and him

        being black whereby he should not be screaming at her abusively.

86.     On Dec. 17, 2014 plaintiff tried to file 9 petitions against different Town of

        Weston Boards given Kelley's bias and prejudice against plaintiff for the misuse

        of joinder.

87.     On Dec. 17, 2014 Arthur Sullivan who is an assistant clerk at the Middlessex

        Superior Court harassed, intimidated and bullied plaintiff that the Middlessex

        Superior Court judges refused to have 9 different petition writ of mandamus

        folders against different town of Weston boards and ordered Jacobs to file a

        complaint with 9 exhibits attached as petitions to different boards.

88.     The plaintiff is on the trouble maker dangerous list for the court house, is not
        allowed in the court house without an escort, is asked to leave early, is denied
        services of copies, is not given copies of what she is asked for, and is sexually
        harassed while inside the court house.

89.     The plaintiff's rights have been violated under the Equal Protection Clause of
        the Fourteenth Amendment to the US Constitution.

90.     The plaintiff's first ten amendments of the Bill of Rights caued for action against
        Feeney, Sorokin and Kelley in this Bivens action.

91.     COUNT 1 VIOLATION OF PROCEDURAL DUE PROCESS

92.     Plaintiff reasserts and realleges the above allegations.

93.     The actions of the defendants as set forth above constituted a violation of the
        due process clause of the Fourteenth Amendment.

94.     The plaintiff had a property interest in getting her rights met in this court.
        Plaintiff also had a property interest in her reputation and good name in the
        community as a licensed medical doctor, a licensed real estate broker and of a
        Weston MA licensed real estate firm.

95.     The defendants terminated her hearing rights, violated her due notice rights,
        violated her due process rights, and violated her discovery rights at the court
        houses whereby Page and Sorokin were never even considering the actual state
        court records.

96.     On Dec. 2, 2014 Kelley successfully got a case improperly dismissed which had
        merit and in so doing impugned her good name.  Plaintiff was never given a

non-hostile hearing on her actual complaints, and instead was improperly regarded as psychotic, delusional and dangerous while it was and is Tamilyn Levin who has actual court files and police records that Levin is severely mentally ill, dangerous, physically abusive and violent, has done an actual very bad physical assault on her first husband and has been involved with social services. These conducts violated Plaintiff's due process rights as protected by the fourteenth amendment of the US Constitution and caused injuries including the loss of income of a real estate firm.

97.     Such relief as may be just and proper and or which will make plaintiff whole.

98.     Therefore the plaintiff is entitled to declaratory and injunctive relief.

99.     COUNT 2 VIOLATION OF EQUAL PROTECTION

100.    Plaintiff reasserts and realleges the above allegations.

101.    The actions of the defendants as set forth above constituted a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

102.    Therefore the plaintiff is entitled to declaratory and injunctive relief.

COUNT 3 VIOLATION OF 42 U.S.C. s2000e- 2&3

103.    The actions of the defendants as set forth above constitute sex, creed religion, medical disability, and discrimination based on the perception of mental illness based upon disparate treatment and unlawful stereotyping, in violation of Title I of the Civil Rights Act of 1991.

104.     COUNT 4 VIOLATION OF AMERICANS WITH DISABILITIES ACT 42 U.S.C. s12112

(b)(4) VII DISABILITY DISCRIMINATION

105.     Plaintiff reasserts and realleges the above allegations.

106.     The actions of the defendants as set forth above constituted a violation of the

42 U.S.C. s12112 (b)(4) VII Disability Discrimination.

107.     Therefore the plaintiff is entitled to declaratory and injunctive relief.

108.     The Americans with Disabilities Act, 42 U.S.C. s12101 et. seq. qualifies with

regard to the court houses.

109.     Jacobs is a qualified handicapped individual as that term is defined under the

Americans with Disabilities Act, 42 U.S.C. s 12101 et. seq.

110.     Jacobs was capable of performing the duties of a pro se plaintiff having won as

a pro se plaintiff in other federal courts with the reasonable accomodations for

an investigation and correction of a hostile gender, disability, and religion creed

public accomodations environment as well as time extensions for consultations

with attorneys.

111.     Feeney, Kelley, Sorokin, Farrill, Bankruptcy Court, John Joseph Moakley Court

house, John Gibbons, and US Marshalls refused to accommodate her disability

112.     The US Marshalls repeatedly complained that Feeney, Kelley, Sorokin, Farrill,

the Bankruptcy Court, and the John Joseph Moakley Court house did not take

her rights seriously.

113.     Jacobs always has asserted that she can be a transient so as to file in the

Southern District of New York where anybody even her can walk into that

federa court house and win unlike these discriminatory and retaliatory unlawful

court houses in Boston where Jacobs can not get a fair trial.

114.    The US Marshalls have harassed her since June 16, 2014 that she needs an

attorney for her marital law matter with regard to the undercover FBI agent

and with regard to her other cases in this court house.

115.    Feeney, Kelley, Sorokin, Farrill, Bankruptcy Court, John Joseph Moakley Court

house, Gibbons and US Marshalls have given no accomodations and have

created a gender offensive hostile public accomodations environment because

of promoting willingness to engage in quid pro quo sexual flirting favors while

not being willing to engage plaintiff because of her refusal to engage in quid pro

quo flirting sexual favors which are made a requirement for the court house

process.

116.    Feeney's, Kelley's, Sorokin's, Farrill's, US Bankruptcy court, John Joseph

Moakley Court house, Gibbons and US Marshall's conduct constitutes a

violation of the Americans with Disabilities Act, 42 U.S.C. s12101 et. seq.

117.    Feeney's, Kelley's, Sorokin's, Farrill's, US Bankruptcy court, John Joseph

Moakley Court house, Gibbons and US Marshall's actions were wilful,

intentional, and committed with reckless disregard for Jacobs' rights.

118.    As a result of Feeney's, Kelley's, Sorokin's, Farrill's, US Bankruptcy court, John

Joseph Moakley Court house, Gibbons and US Marshall's conduct, Jacobs

suffered damages including but not limited to lost employment, lost pay, loss of

income from a real estate firm on Dec. 10, 2010 onwards, emotional distress,

attorneys' fees and costs. The actions of the defendants as set forth above

constitute discrimination based upon Jacobs being disabled medically, based

upon Jacobs being discriminated against based on the perception of being

mentally ill, based upon Jacobs association with a medically disabled individual

Marilyn Jacobs in violation of 42 U.S.C. s12112(b)(4).

119.      COUNT 5 -- INTENTIONAL INTERFERENCE BY DEFENDANTS WITH

CONTRACTURAL RELATIONSHIP WITH BOB PEABODY ESQ., COLLORA LLP, AND

JACKSON LEWIS P.C. OR PROSPECTIVE BUSINESS RELATIONS WITH A SO-CALLED

UNDERCOVER FBI AGENT ETC.

120.      The plaintiff was subjected to an adverse mistreatment in the court houses in

violation of MA Public Policy based on any 1 or 2 or combination of improper

motives: (1) because she insisted on the court house process taking place in a

correct, business like, professional and not sexually harassing and ethical

manner 2. Because she testified truthfully to the FBI on or about April 17, 2013

onwards to which she was sworn. 3. Because she engaged in protected actions

of complaining of discrimination on Dec. 17, 2010 onwards through present in

the US Bankruptcy court and the John Joseph Moakley Court house.

121.      Defendants Feeney, Kelley, Sorokin, Farrill, Bankruptcy Court, John Joseph

Moakley Court house, Gibbons and US Marshalls did tortuous interference with

Jacobs' contracts with the FBI, FBI undercover contractor, her real estate firm,

her interest in a medical practice, and plaintiff's disabled mother including as

her caretaker.

122.    Feeney, Kelley, Sorokin, Farrill, Bankruptcy Court, John Joseph Moakley Court house, Gibbons and US Marshalls acted to interfere with improper means or motive and acted with actual malice in interfering with Jacobs employment as a real estate broker, with her employment with Diamond Brokerage LLC, with her advantageous business relationship with the FBI, and a so-called undercover FBI agent.

123.    COUNT 6 RETALIATION

124.    Jacobs reasserts and reallleges the above allegations.

125.    Jacobs filed complaints with the defendants on 12/17/2010 and on various dates thereinafter through 12/18/2010 for discrimination and retaliation with regard to public accomodations violations.

126.    After receiving notice that Jacobs had filed complaints, the US Marshalls failed to process Jacobs' marriage license with a so-called undercover FBI agent while causing personal injuries to Jacobs that included insomnia, headaches, nausea, stress, etc.

127.    The US Marshalls intimidated plaintiff to trade sex for loss of interest in the so called undercover FBI agent whereby they were intententionally acting with malice so as to see if Jacobs could be swayed or influenced away from her personal relationship with a so-called undercover FBI agent and Jacobs rebuffed since on or about April 17, 2013 all US deputy marshalls and the US Marshall John Gibbons.

128.     Thomas Chamberlaine's request that the plaintiff leave the court house 30
         minutes early so that he could leave at 5 PM occurred on 12/14/2013 and was
         in sufficient proximity to the protected action to constitute retaliation.

129.     Defendants refusal to provide any and all standard court house services to
         Jacobs including but not limited to unlimited use of public terminal in clerk's
         office, printing out wrong cases that she did not ask for, refusal to teach her
         how to use the public terminal, refusal to educate her how to use the electronic
         filing system, the actual clerk refusing to talk to her, etc. occurred on or about
         June 16, 2014 and was in sufficient proximity to the protected action to
         constitute retaliation.

130.     Defendants refusal to provide any and all standard court house services to
         Jacobs that included the ability to obtain information only available from the
         computer public terminal in the court house while harassing her to hurry up
         and leave the court house repeatedly violated the plaintiff's rights and caused
         her loss of income as she had to make repeated trips to the court house.

131.     On or about July 15, 2014 the plaintiff went to the US Marshall's Office to check
         on the processing of her marriage license with an undercover FBI agent.

132.     On or about July 15, 2014, a US Deputy Marshall prohibited her from exercising
         her first amendment constitutional right to ask about the status of the
         background check being done with regard to her planned marriage to a so-
         called undercover FBI agent, threatened to arrest her for inquiring and ordered
         her to leave the court house.

23

133.    COUNT 7 VIOLATION OF 42 U.S.C.A. s12182

134.    Plaintiff reasserts and realleges the above allegations.

135.    The defendants have failed to provide the services of unescorted entry into and out of the court house whereby they have made the plaintiff sit and wait for long periods of time for escorts.

136.    The defendants have denied her services of using the computer terminal in the clerk's office, not printing out her requests accurately, not allowing her to use a laptop computer in the library and not allowing her to use a cellular phone in the court house.

137.    The defendants have not afforded to her advantages of having hearings.

138.    The defendants have not given to her reasonable modifications of time extensions.

139.    The plaintiff requested reasonable modifications of time extensions for filings and was denied while instead the not disabled opposing counsel were afforded extensions instead of her who is disabled.

140.    The plaintiff requested reasonable modification of printer use, and the clerk assistants have to print out her choices and do so in error frequently not giving her what she needs.

141.    The defendants denied the requested modifications and provided no and or less than standard services.

142.    The defendants' conduct, as set forth above, violates 42 U.S.C.A. s12182.

143.    COUNT 8 DECLARATORY JUDGMENT – INSTITUTIONALIZED DISCRIMINATION –

THE FIFTH AMENDMENT OF THE US CONSTITUTION

144.    Plaintiff reasserts and realleges the above allegations.

145.    Defendants continue to engage in a pattern and practice of unlawfully favoring

men and women who are willing to flirt whereby defendants have deprived and

continue to deprive Plaintiff of her right to Equal Protection under the law.

146.    Statistical evidence demonstrates that the court favors men, favors not

handicapped, favors non-Jews, favors persons who are not discriminated

against on the basis of the perception of mental illness, and favors flirters over

non-flirters, etc.

Plaintiff was not selected from actions emanating from unlawful discrimination

and retaliation given denial of standard public accomodation services.

147.    COUNT 9 UNLAWFUL DISCRIMINATION IN VIOLATION OF 42 U.S.C. s1981

148.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as if

fully set forth herein.

149.    By discriminating against plaintiff on the basis of her religion Jewish, handicap,

sex, discrimination based on the perception of mental illness and on the basis

of her affiliation with disabled Marilyn Jacobs in the manner set forth,

defendants have denied plaintiff the same right to enjoy the benefits,

privileges, terms and conditions of contract as is, and was enjoyed by not

Jewish, not disabled, males who are not perceived to be mentally ill and not

affiliated with disabled persons in violation of Plaintiff's rights under Civil Rights Act of 1866, 42 U.S.C. s 1981.

150.     COUNT 10 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

151.     Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

152.     The above actions of the defendants constituted intentional infliction of emotional distress. COUNT 11 NEGLIGIENT INFLICTION OF EMOTIONAL DISTRESS

153.     Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

154.     The above actions of the defendants constituted the negligent intentional infliction of emotional distress.

155.     COUNT 12 VIOLATION OF 14TH CONSTITUTIONAL AMENDMENT

156.     Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

157.     The defendants violated the plaintiff's 14th constitutional amendment.

158.     COUNT 13 VIOLATION OF CONSPIRACIES TO INTERFERE WITH CIVIL RIGHTS (SEE 42 U.S.C. s 1985 (1)

159.     Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

160.     The defendants violated the plaintiff's rights under 42 U.S.C. s 1985 (1) by filing fraudulent altered incomplete state court record in this court.

161.      COUNT 14 VIOLATION OF CONSPIRACIES TO INTERFERE WITH CIVIL RIGHTS (SEE

          42 U.S.C. s 1985 (2)

162.      Plaintiff realleges and incorporates by reference the above paragraphs as if fully

          set forth herein.

163.      The defendants violated the plaintiff's rights under 42 U.S.C. s 1985 (2) by

          obstructing justice, by mantaining a not true state copy record in this court, by

          interfering with plaintiff's pro se practice of law in this court house, by

          distracting her from her focus with male US assistant deputy marshalls

          harassing her with unwanted contact including of a sexual nature, by interfering

          with her background check and processing of her marriage license with a so-

          called undercover FBI agent, etc.. COUNT 15 VIOLATION OF CONSPIRACIES TO

          INTERFERE WITH CIVIL RIGHTS (SEE 42 U.S.C. s 1985 (3)

164.      Plaintiff realleges and incorporates by reference the above paragraphs as if fully

          set forth herein.

165.      The defendants violated the plaintiff's rights under 42 U.S.C. s 1985 (3) by

          depriving plaintiff of rights or privileges including but not limited to denying the

          plaintiff time she feels that she needs in the court house to use the clerk public

          terminal in order to print out pleadings of attorneys in order to copy parts of

          their legal work to re-write into her pleadings.

166.      COUNT 16 VIOLATION OF SECTION 1981 OF TITLE 42 (EQUAL RIGHTS UNDER

          THE LAW)

167.   Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

168.   By afore-mentioned acts the defendants violated the plaintiff's rights under 1981 of Title 42 Equal Rights under the law by discriminating against her based on her caucasian race in making and failing to enforce the contract for her not to be allowed to marry a so-called undercover FBI agent, for not enabling her to paticipate in this lawsuit and give evidence in this lawsuit whereby she is under police order of 11/19/2013 not to make the town of Weston look badly, and not to make the town of Weston public officials look badly or else she will be charged with additional crimes that she did not commit.

169.   COUNT 17 VIOLATION OF CIVIL ACTION FOR DEPRIVATION OF CIVIL RIGHTS (SEE 42 U.S.C. s 1983

170.   Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

171.   By afore-mentioned acts the defendants and Feeney, Page and Sorokin outside of their judicial capacities violated the plaintiff's rights under 42 U.S.C. s. 1983 by depriving plaintiff of her civil rights, privileges like being in the court house for long periods, witness advocate services, right to receive the form to apply for a restraining order, right to be heard regarding requesting a restraining order, and immunities etc.

172.    But for plaintiff's discrimination and retaliation complainted dated 12/17/2010,

plaintiff had the right to be protected and exempt from being maliciously

persecuted in these court houses.

173.    But for plaintiff's discrimination and retaliation complaint dated 12/17/2010

caused for Feeney, Kelley, Sorokin, US Bankruptcy Court, John Joseph Moakley

Court house, Gibbons and US Marshalls  to engage in the joint enterprise of

taking adverse actions against her so as to intimidate and coerce plaintiff to try

to return to state court where Carmen Ortiz Esq. is considering pressing

criminal charges against employees of the court house who physically injured,

kidnapped, and harassed the plaintiff.

174.    In particular, there were 3 black females who committed crimes against the

white victim plaintiff Jacobs in the Middlessex Superior Court House.

175.    Plaintiff was to be immune, to be protected and exempt from the public

corruption of the Middlessex Superior Court which the FBI Boston determined

and the MA state police have determined has been taking place in a system

network against her and instead the victim plaintiff was not welcome in this

court house.  COUNT 18 VIOLATION OF CONSPIRACIES AGAINST THE RIGHTS OF

CITIZENS TO INTERFERE WITH CIVIL RIGHTS (SEE 18 U.S.C. s 241)

176.    Plaintiff realleges and incorporates by reference the above paragraphs as if fully

set forth herein.

177.    The defendants Feeney, Kelley, Sorokin, Gibbons and Farrill conspired to injure,

oppress, threaten, and intimidate the plaintiff in the state of MA in the free

exercise and enjoyment of including but not limited to her first amendment constitutional right, other constitutional rights and civil rights and or privileges including but not limited to inside the US Bankrutpcy Court at Post Office Square and the John Joseph Moakley Court House.

178. They have harassed her to get an attorney despite her inability to afford one, denied her her pro se rights to be heard regarding negative factual statements, denied her her right to complain regarding discrimination and retaliation, do not even take her seriously, deny her right to talk to present factual evidence so as to make the defendants and defendants' counsel look not credibile, took away her right to participate at hearings by threatening that she will be left on a bench in the lobby without an escort and hearings will take place without her so as to deny her legal rights procedurally in violation of her 14 th constitutional amendment right.

179. Feeney, Sorokin, Kelley, Gibbons, Farrill and the US Marshalls have caused Jacobs to suffer from depressive symptoms of involuntary unwanted thougts of suicide. COUNT 19 : INVASION OF PRIVACY

180. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

181. Kelley, Sorokin, Gibbons, Farrill and the US Marshalls invading plaintiff's privacy with regard to her personal life with a so-called undercover FBI agent.

182.     The plaintiff's life has been totally destroyed, her life has been totally ruined, and her privacy is non-existant given the invasion of her privacy by Kelley, Sorokin, Gibbons, Farrill and the US Marshalls.

WHEREFORE, Jacobs request that this Court award the following relief:

1. Order the US Bankruptcy Court and John Joseph Moakley Court House to institute and carry out policies, practices, and programs that eradicate unlawful disparate treatment and stereotyping of Jacobs' protected classes.

2. Issue injunctive relief commanding the defendant attorneys not to violate the attorney rules of procedure.

3. Issue declaratory relif as this Court deems appropriate and just.

4. Issue other relief as this Court deems appropriate and just.

5. Jacobs demands judgment, including interest, against the defenants in an amount deemed by this court to be just and fair and in ay way in which the court deems appropriate.

6. Order the defendants to pay Jacobs.

   a. Lost income of her real estate business.

   b. Lost income of her interest in medical practice business.

   c. Lost income of her public health pratice.

   d. Medical bills.

   e. Emotional distress damages

   f. Punitive damages.

   g. Attorneys' fees and costs as provided for by statute; and

h.  Award plaintiff her costs of litigation.

i.  Any other relief to which Jacobs may be entitled.   JURY DEMAND IS DEMANDED.

Respectfully submitted,

Lisa Jacobs Pro se

PO Box 488

Weston MA 02493

781-899-9774

Dated December 22, 2014                        E-mail: lisajacobs8@hotmail.com